IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PATRICIO MAXIMO ARMIJOS-                                    PETITIONER
ARROBO

V.                                          Cause No. 5:26-cv-00062-DCB-BWR

WARDEN,                                                     RESPONDENT
*Adams County Correctional Center* et
al.

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

*pro se* by Patricio Maximo Armijos-Arrobo and a Response [9] from Respondents

notifying the Court that "according to ICE, Armijos-Arrobo was removed from the

United States to Ecuador on April 16, 2026." Resp. [9] at 1.

Petitioner is a native and citizen of Ecuador. ICE Decl. [9-1] at 1. In his

Petition, received on February 10, 2026, Petitioner requested that the Court order his

immediate release. Pet. [1] at 9. In their Response, filed April 22, 2026, Respondents

informed the Court that an immigration judge entered an order on March 27, 2026,

granting Petitioner "pre-conclusion voluntary departure in lieu of removal and

ordering him to depart the United State on or before April 27, 2026." Resp. [7] at 8.

On May 11, 2026, the Court ordered Respondents to inform the Court by May

26, 2026 whether Petitioner has been released from detention. Order [8]. Respondents

timely responded with proof that "[o]n April 16, 2026, Petitioner was removed from

the United States to Ecuador." ICE Decl. [9-1] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The Petition is moot because Petitioner has been released from immigration detention and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice as moot.

NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and

2

recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

    **SIGNED,** this the 26th day of May 2026.

    *s/ Bradley W. Rath*

    BRADLEY W. RATH
    UNITED STATES MAGISTRATE JUDGE

3